UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-CV-00681-RBD-RMN

ANTHONY COLUCCI and VANESSA LORRAINE SKIPPER,

    Plaintiffs,

v.

HEALTH FIRST, INC.,

    Defendant.
_____/

## JOINT STATUS REPORT

Pursuant to the Court's Order dated February 28, 2023 (Doc. 167), the parties hereby submit this Joint Status Report, including addressing whether Defendant Health First's Motion for Protective Order or Brief Stay of Action (Doc. 155) (the "Motion to Stay") is moot. For the reasons set forth below, the Motion to Stay is not moot.

*Report from Health First:*

On December 22, 2022, the Court denied Plaintiffs' Motion for Class Certification. (Doc. 154). Following entry of that order, Plaintiffs moved for leave to amend their complaint (Doc. 157) and continued to seek discovery from third parties in response to outstanding discovery requests. On January 9, 2023, Health First filed its Motion to Stay, seeking a stay of discovery and short-term deadlines

until Plaintiffs' motion for leave to amend were granted or the case were dismissed or resolved by summary judgment.

The Court has now denied Plaintiffs' motion for leave to amend (Doc. 166), and Plaintiffs did not serve a merits expert report on February 15, 2023, the deadline set in the Second Amended Case Management and Scheduling Order (Doc. 124). Nevertheless, the uncertainty that was the reason behind the Motion to Stay still exists because, as set forth below, it remains unclear whether this case will be dismissed pursuant to Fed. R. Civ. P. 41(a).

On March 1, 2023, some of the same counsel representing Plaintiffs in this case filed a related case in this Court asserting the expanded product market and new named plaintiff that Plaintiffs sought to include in an amended complaint in this case. *Powers v. Health First, Inc.*, No. 6:23-cv-00375-PGB-DAB (M.D. Fla.) ("*Powers*"). Paragraph number 1 of the *Powers* Complaint represents that "[t]he individual remaining, non-class claims of those [*Colucci*] plaintiffs have been, or are being, dismissed, and these [*Colucci*] plaintiffs do not bring this matter." *Powers,* Doc. 1 ¶1.

Based on that representation, on March 7, 2023, undersigned counsel conferred with counsel for Plaintiffs in this case to confirm whether Plaintiffs will seek to dismiss their claims in this case and, if so, when. Undersigned counsel spoke with Plaintiffs' counsel again on Friday, March 10, 2023. Undersigned

counsel for Health First now understands that Plaintiffs intend to seek a stipulated dismissal of their claims through Fed. R. Civ. P. 41(a)(1), and, if the parties are unable to agree on terms for a stipulated dismissal[1], a court-ordered dismissal under Fed. R. Civ. P. 41(a)(2). At this time, based on that understanding, Health First does not intend to move for summary judgment on Plaintiffs' claims against it.

For the reasons set forth above, the Motion to Stay is not moot, and Health First requests a stay until one of the following occurs: (i) Plaintiffs' claims are dismissed or (ii) in the event that does not occur, the Court rules on a motion for summary judgment.

### *Report from Plaintiffs:*

Plaintiffs are inclined to voluntarily dismiss this action in light of the Court's rulings on class certification and amendment. Pursuant to Fed. R. Civ. P. 41(a)(1), dismissal may be by stipulation or by court order. Plaintiffs will tender a proposed stipulation of dismissal to Health First forthwith. If the parties are unable to stipulate to dismissal, Plaintiffs will file a motion for an order of voluntarily dismissal from the Court before the March 21, 2023 case management conference.

---

[1] Health First intends to file a motion under Fed. R. Civ. P. 11, which was previously served on Plaintiffs but not filed. Health First does not consent to dismissal which would dispose of that motion without the Court having considered and ruled on it.

Plaintiffs do not object to a stay on the terms outlined by Health First above.

Dated: March 10, 2023

Respectfully submitted,

/s/ *Jason H. Kim*
Tucker H. Byrd
(Florida Bar No. 381632)
BYRD CAMPBELL, P.A.
180 Park Avenue North, Suite 2A
Winter Park, FL 32789
Telephone: (407) 392-2285
TByrd@ByrdCampbell.com

R. Stephen Berry
*(Admitted Pro Hac Vice)*
BERRY LAW PLLC
1100 Connecticut Avenue NW, #645
Washington, DC 20036
Telephone: (202) 296-3020
sberry@berrylawpllc.com

Jason H. Kim
*(Admitted Pro Hac Vice)*
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
jkim@schneiderwallace.com

Ronald G. Meyer
Florida Bar No. 0148248
MEYER AND BLOHM, P.A.
Post Office Box 1547
Tallahassee, FL 32302
Telephone: (850) 878-5212
rmeyer@meyerblohmlaw.com

*Attorneys for Plaintiffs*

/s/ *Elizabeth B. Honkonen*
Richard Alan Arnold
(Fla. Bar No. 196643)
Deborah S. Corbishley
(Fla. Bar No. 588229)
Elizabeth B. Honkonen
(Fla. Bar No. 0149403)
Christina M. Ceballos-Levy
(Fla. Bar No. 0411965)
KENNY NACHWALTER, P.A.
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
rarnold@knpa.com
dsc@knpa.com
ebh@knpa.com
ccl@knpa.com

*Attorneys for Defendant*