# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

### CASE NO. 6:21-CV-00681-RBD-RMN

ANTHONY COLUCCI and VANESSA LORRAINE SKIPPER,

    Plaintiffs,

v.

HEALTH FIRST, INC.,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Pursuant to Federal Rule of Civil Procedure 11[1], Defendant Health First, Inc. ("Health First"), requests entry of an order directing Plaintiffs and their counsel to pay Health First's reasonable attorneys' fees and costs in connection with (1) this Motion for Rule 11 Sanctions ("Motion"); (2) Plaintiffs' Motion for Class Certification (Doc. 96) ("Class Motion"); and (3) Plaintiffs' Second Amended Class Action Complaint (Doc. 53) ("SAC"), from the date that this Motion was served.[2]

---

[1] The parties' Stipulation of Dismissal (Doc. 175) does not deprive the Court of jurisdiction to consider this Motion. *See, e.g., Bama Sea Prods., Inc. v. Lighthouse Foods, Inc.*, No. 8:14-cv-484-T-35AEP, 2014 WL 12620853, at *1 (M.D. Fla. Nov. 10, 2014) (citing, *inter alia, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990)).

[2] In accordance with Fed. R. Civ. P. 11(c)(2), Health First served Plaintiffs with a copy of the Motion on June 14, 2022. The current filed Motion uses grayscale to reflect text and citations that were not included in the copy of the Motion served on June 14, 2022. Along with the served Motion, Health First requested Plaintiffs

## BACKGROUND

When Plaintiffs' counsel signed and filed the SAC and Class Motion, they certified that, to the best of their knowledge, information, and belief, formed after reasonable inquiry: (i) the "claims" and "legal contentions" of the SAC and Class Motion were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (ii) "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2), (3).

As explained below, none of these certifications were true in light of the fact that, at the time Plaintiffs filed both their SAC and Class Motion, Plaintiffs did not have a nonfrivolous argument or evidentiary support to qualify as class members under their proposed class definition. Furthermore, when Plaintiffs and their counsel later represented in the Class Motion in support of Ms. Skipper's claim to membership in the proposed class that she paid the full amounts of $2,193.90 and

---

to withdraw the SAC and Class Motion. Plaintiffs did not withdraw either filing. As set forth in the Procedural History herein, Plaintiffs and their counsel vigorously pursued their claims against Health First through extensive briefing on the Class Motion and fact discovery, at significant expense to Health First. (Docs. 105, 111, 113, 126, 128, 134, 138).
    Even after the Court denied their Class Motion (Doc. 154), Plaintiffs did not immediately seek to dismiss their claims and instead sought to amend the SAC to expand the product market and add a new Plaintiff, which the Court denied. (Docs. 157, 161, 166). On March 1, 2023, some of the same counsel representing Plaintiffs in this case filed a new case that asserts all of the same allegations against Health First, but with different plaintiffs and an expanded product market. *Powers v. Health First, Inc.*, No. 23-cv-00375-PGB-RMN (M.D. Fla. Mar. 1, 2023).

2

$633.93 to Health First for "acute care" services (Class Motion at 5, n. 6, 7), this representation was false. Evidence since produced by Plaintiffs reveals (and thus it was known to Plaintiffs and their counsel) that Ms. Skipper paid substantially less than these full amounts, and, therefore, is excluded from the proposed class.[3]

The integrity of the judicial process requires that Plaintiffs and their counsel be held to account when, as here, their filings contain frivolous legal contentions and factual contentions without evidentiary support (and, worse, that are contrary to the evidence). Accordingly, Health First requests that the Court exercise its discretion to sanction Plaintiffs and their counsel for these violations of Rule 11.

## PROCEDURAL HISTORY

On April 19, 2021, Anthony Colucci, Vanessa Lorraine Skipper, and Kelly Baker filed a Class Action Complaint against Health First. (Doc. 1). On April 27, 2021, they filed a First Amended Class Action Complaint. (Doc. 13).

On August 25, 2021, Mr. Colucci and Ms. Skipper filed the SAC. Ms. Baker did not join the SAC as a plaintiff.

On May 20, 2022, Mr. Colucci and Ms. Skipper filed Plaintiffs' Class Motion. (Doc. 96).

---

[3] The proposed class definition limits patient membership to those patients who paid "their co-insurance payments computed as percentages of Health First's acute care fees, **and not limited by health plan annual out-of-pocket maximums or otherwise**." Class Motion at 1, quoting SAC ¶126 (emphasis added).

On June 14, 2022, Health First served Plaintiffs with a Rule 11 letter and motion.

Health First filed its opposition to the Class Motion on June 20, 2022. (Doc. 105).

Plaintiffs filed a reply memorandum in support of their Class Motion on June 30, 2022. (Doc. 111).

On July 11, 2022, Health First filed its response to the supplemental expert report submitted by Plaintiffs. (Doc. 113).

On August 18, 2022, Plaintiffs moved to compel Health First to produce documents and data concerning non-emergency outpatient services. (Doc. 126).

Health First opposed the motion to compel. (Doc. 128).

Magistrate Judge David A. Baker heard argument and denied the motion to compel. (Doc. 133).

Plaintiffs objected to Magistrate Judge Baker's order denying the motion to compel (Doc. 134), which Health First opposed (Doc. 138).

On December 22, 2022, the Court denied Plaintiffs' Class Motion on the basis that Plaintiffs were not members of the class they purported to represent and thus lacked standing. (Doc. 154). In that same order, the Court overruled Plaintiffs' objection to the order denying the motion to compel. *Id.*

On January 10, 2023, Plaintiffs moved for leave to amend the SAC to expand the product market to include non-emergency outpatient services and to add a new plaintiff. (Doc. 157).

Health First opposed the motion for leave to amend. (Doc. 161).

On February 7, 2023, the Court denied Plaintiffs' motion for leave to amend, explaining that "a plain reading of the SAC, and several flags throughout the case, put Plaintiffs on notice that they lacked standing." (Doc. 166 at 3).

On March 23, 2023, the parties filed a Stipulation of Dismissal of the claims in this case. (Doc. 175).

## MEMORANDUM OF LAW

### I. Rule 11 Standard

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *see also Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (Rule 11's purpose is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers."). To promote these objectives, Rule 11 provides that whenever an attorney presents a court with "a pleading, written motion, or other paper," he or she "certifies that to the best of the person's knowledge, information and belief, formed after inquiry reasonable under the circumstances:

5

> (1) it is not being presented for any improper purpose, such as to harass . . . or needlessly increase the cost of litigation;
>
> (2) the claims . . . and other legal contentions are warranted by existing law or by nonfrivolous argument . . .;
>
> (3) the factual contentions have evidentiary support. . . ; and
>
> (4) the denials of factual contentions are warranted on the evidence."

"[A] violation of any one of these requirements is sufficient to support a motion for sanctions." *Peer*, 606 F.3d at 1312. As such, "Rule 11 sanctions are properly assessed '(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law'. . . ." *Massengale*, 267 F.3d at 1301 (internal citations omitted). Rule 11 authorizes a court to sanction attorneys who signed the pleading, motion or paper at issue, and "authorize[s] . . . sanctions against a party even though the party is neither an attorney nor the signor of the pleadings." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001).

A Rule 11 violation does not require subjective "bad faith." *Chambers v. NASCO*, 501 U.S. 32, 47 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith."); *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987) ("The responsibilities of the attorney are

6

emphasized by the rule; since proof of bad faith is no longer required, the amended rule holds attorneys to a higher standard than did the prior version of Rule 11."). Instead, courts use an objective standard to assess whether a Rule 11 violation occurred based on "what was reasonable to believe at the time" of the offending pleading, motion, or paper. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). That two-step objective inquiry asks (1) "whether the party's claims are objectively frivolous" and (2) "whether the person who signed the pleadings should have been aware that they were frivolous." *Id.* Where a court concludes that Rule 11 has been violated, it "is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound." *Byrne*, 261 F.3d at 1105-06.

As demonstrated below, Plaintiffs and their counsel violated Rule 11(b)(2) and (3). When they filed the SAC and Class Motion, Plaintiffs and their counsel had no legal or factual support for the contention that Mr. Colucci or Ms. Skipper had suffered injury, was part of the defined class, or was qualified to be a class representative. They also knew or should have known that their representation that Ms. Skipper eventually paid Health First the full co-insurance amounts for the services underlying her claim of membership in the proposed class was untrue.

7

## II. Plaintiffs Did Not Qualify for Membership in the Proposed Class as Defined Under Existing Law or the Evidence, and Falsely Represented in the Class Motion the Amounts Ms. Skipper Paid to Health First.

When filing the SAC and Class Motion, Plaintiffs represented that they were bringing their action individually and on behalf of all members of the proposed class. According to Plaintiffs, they belonged to that class, which they defined, in relevant part, as "***patients, and health plans***, who purchase Health First inpatient and emergency room acute care from Health First. . . . For patients who are insured by health plans, such payments are defined as their co-insurance payments computed as percentages of Health First's acute care fees, and ***not limited by health plan annual, out-of-pocket maximums or otherwise***." (Doc. 96, Class Mot. at 1) (emphasis added). Plaintiffs claim to have standing to represent the class of patients and health plans described above (Doc. 53, SAC, ¶ 126; Doc. 96, Class Mot. at 4-6), is belied by Plaintiffs' own testimony, admissions, and other undisputed evidence showing that, as a matter of law, Plaintiffs cannot be members of the class that they have defined.[4] *See Schlesinger v. Reservists Cmtee. To Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the

---

[4] In fact, in the Order denying Plaintiffs leave to amend, the Court found that Plaintiffs had been "put on notice of standing issues long before the Court order denying class certification." (Doc. 166 at 4).

8

same interest and suffer the same injury shared by all members of the class he represents.").

With respect to Mr. Colucci, it is undisputed that Mr. Colucci has never been a patient of Health First, which is a condition to being a member of the class as defined. Mr. Colucci was not even the patient for the only medical service he claims is at issue in this case – surgery performed on his wife. *See* Colucci Depo. at 36:15-20; 112:23-25 (never a patient at Health First) (Doc. 105-1). Because Mr. Colucci was never a patient or a health plan that made payment to Health First, a fact he and his counsel have known or should have known, he is not a class member.

Furthermore, based on Plaintiffs' definition of who is excluded from the class, Mr. Colucci cannot be a member of the class because the payment he made *was* limited by his health plan annual, out-of-pocket maximum for that year. *See* Doc. 53, SAC ¶126; Doc. 96, Class Mot. at 1; Gale Depo. at 10:1-11:9 (class members are "patients, and health plans" and excluding those patients whose payments were limited by annual out-of-pocket maximums) (Doc. 105-2); Colucci Depo. at 19:2-7 ("Q. Now, do you believe you have a claim for damages in this case? A. No.") (Doc. 105-1).

With respect to Ms. Skipper, the Class Motion asserts the following false representations as the purported bases for her claim to membership in the class:

9

- For services Ms. Skipper received on November 2, 2020: "Her coinsurance paid for these services was **$2193.90**. . . . She paid this coinsurance this year and it was not capped by any annual out-of-pocket maximum." (Doc. 96, Class Mot. at 5 n.6) (emphasis added).

- For services Ms. Skipper received on December 27, 2017: "Health First billed her and her plan directly $2,209.92 and Plaintiff Skipper paid the full amount of **$633.93**, including co-insurance because the billing was not capped." (Doc. 96, Class Mot. at 5 n.7) (emphasis added).[5]

The evidence refutes Plaintiffs' assertions and testimony. Beginning in June 2021, Health First repeatedly requested evidence of the amounts Ms. Skipper paid. On June 8, 2022, Plaintiffs finally produced documentation of Ms. Skipper's payments, which revealed that Ms. Skipper actually paid Health First considerably *less* than $2,193.90 and $633.93. Decl. of S. Ronan ¶15, Ex. 10 (Doc. 106-1, filed *under seal*). On or about February 3 or 4, 2022, Ms. Skipper paid Health First

---

[5] Additionally, Ms. Skipper testified during her deposition that she paid the full amounts owed for the two procedures at issue. *See* Skipper Depo. at 109:16-20; 112:10-15 (Doc. 105-3). The evidence now indicates she had reason to know this was untrue, because she waited to make payment (and then paid less than the full amounts) until **February 2022**, which was just two months before her deposition in this case.

10

**$1,675.31** and **$316.96**, respectively for the two services at issue.[6] *See* Class Mot. at 5, n.7; Reply at 4, n.5 (Doc. 111); Decl. of S. Ronan ¶15, Ex. 10 (Doc. 106-1, filed *under seal*); Decl. of R. Landon ¶3 (Doc. 105-5); Class Cert. Order at 5, n.3 (Doc. 154).

Because Plaintiffs' representations in the SAC as to **when** Ms. Skipper made payment to Health First (SAC ¶6) and in the Class Motion as to the **amounts** that Ms. Skipper paid Health First (Class Motion at 5, n. 6, 7) are demonstrably false and were not withdrawn, sanctions are warranted under Rule 11(b)(3). *See Willis v. Brown*, No. 13-10088-E, 2013 WL 11158372, *2 (11th Cir. July 25, 2013) (holding that district court did not abuse discretion by dismissing complaint as a sanction under Rule 11(b)(3) where statement in complaint form was false); *Brown v. Generac Power Sys., Inc.*, No. 20-22434-CIV-MARTINEZ/AOR, 2021 WL 1030229, *7-11 (S.D. Fla. Feb. 27, 2021) (awarding sanctions under Rule 11(b)(3) where there was no evidentiary support for factual contentions).

Nor do these false assertions concern minor and immaterial details. Rather, the lack of evidentiary support for these assertions means, as a matter of settled law (*see above*), neither of Plaintiffs qualifies for membership in the proposed class,

---

[6] Ms. Skipper's payment records produced on June 8, 2022, remove any doubt that Plaintiffs and their counsel knew by then about the lack of evidentiary support for their representations and their client's testimony on this point. *See above* n. 5.

11

and, therefore, neither Plaintiff qualifies to represent the absent class members. *See* Class Cert. Order at 4-5 (Doc. 154). The proposed class definition limits membership, for patients who are insured, to patients who paid the full amount of their co-insurance payments. Class Motion at 1, quoting SAC ¶126. Plaintiffs' expert testified that a patient who pays Health First less than the co-insurance payment computed as a percentage of the contracted amount due to Health First is excluded from the class. *See* Gale Depo. at 52:16-53:6, 53:19-54:9 (Doc. 105-2). Mr. Colucci has never been a patient, and Ms. Skipper's payment of less than the full amounts means she also is excluded from the class.

WHEREFORE, Health First respectfully requests the entry of an order as authorized by Rule 11(c)(1), that awards Health First the reasonable attorneys' fees and costs it has incurred in connection with (1) this Motion; (2) the Class Motion; and (3) the SAC, from June 14, 2022, the date that this Motion was first served.

Dated:  March 27, 2023                              Respectfully submitted,

                                                    */s/ Elizabeth B. Honkonen*
                                                    Richard Alan Arnold
                                                    (Fla. Bar No. 196643)
                                                    Deborah S. Corbishley
                                                    (Fla. Bar No. 588229)
                                                    Elizabeth B. Honkonen
                                                    (Fla. Bar No. 0149403)
                                                    Christina M. Ceballos-Levy
                                                    (Fla. Bar No. 0411965)
                                                    KENNY NACHWALTER, P.A.
                                                    Four Seasons Tower - Suite 1100
                                                    1441 Brickell Avenue

                                                                        Miami, FL 33131
                                                                        Telephone: (305) 373-1000
                                                                        Facsimile:   (305) 372-1861
                                                                        rarnold@knpa.com
                                                                        dsc@knpa.com
                                                                        ebh@knpa.com
                                                                        ccl@knpa.com

*Attorneys for Defendant Health First, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing (not including footnotes 1, 2 and 4, as well as information added to reflect procedural events after service of the Motion, and citations to the record, reflected above in grayscale) was served by U.S. mail and by electronic mail on June 14, 2022, on the following Plaintiffs' counsel of record in this lawsuit at the following addresses:

R. Stephen Berry, Esq.
Berry Law PLLC
1100 Connecticut Avenue NW
Suite 645
Washington, D.C. 20036
sberry@berrylawpllc.com

Tucker H. Byrd, Esq.
Byrd Campbell, P.A.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
tbyrd@byrdcampbell.com

Jason H. Kim, Esq.
Schneider Wallace Cottrell Konecky LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
jkim@schneiderwallace.com

Ronald G. Meyer, Esq.
Meyer and Blohm, P.A.
P.O. Box 1547
Tallahassee, Florida  32302
rmeyer@meyerblohmlaw.com

                                          */s/Elizabeth B. Honkonen*
                                          Elizabeth B. Honkonen